IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANNY WAYNE TIDWELL II                                                                PETITIONER

v.                                         Case No. 6:15-cv-6024

WENDY KELLY, Director,                                                                RESPONDENT
Arkansas Department of Correction


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, DANNY WAYNE TIDWELL II ("Tidwell"), an inmate confined in the Arkansas Department of Correction, Ouachita River Unit, Malvern, Arkansas, filed this Petition for Writ of a *Habeas Corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The Respondent, Director, filed her Motion to Dismiss on May 20, 2015. ECF No. 7. For the reasons set forth below the Petition should be dismissed.

**A. Procedural Background**[1]:

On May 12, 2012, Tidwell pled guilty to second degree sexual assault in the Circuit Court of White County, Arkansas. He was sentenced to 240 months imprisonment. ECF No. 8, p. 4. There was no direct appeal of this sentence. On May 8, 2013, Tidwell filed a state petition for *habeas corpus* relief in the Circuit Court of White County. Pursuant to Ark. Code Ann. § 16-112-105(b)(1) this petition was denied for lack of personal jurisdiction as Tidwell was being held in Pulaski County. Tidwell then filed a state petition for *habeas corpus* relief in the Circuit Court of Pulaski County. The Pulaski County Circuit Court construed his request as one made

---

[1] The procedural background is taken from the Petition, the instant Motion to Dismiss, the record from *Tidwell v. Hobbs*, No. 5:14-CV-00320 (E.D. AR 2015), and this Court's own docket.

pursuant to Ark. R. Crim. P. 37 and denied the petition as being filed in the wrong county holding it should have been filed in White County, the county of conviction.

Tidwell next sought relief, pursuant to 28 U.S.C. § 22545, in the United States District Court for the Eastern District of Arkansas. *See Tidwell v. Hobbs*, No. 5:14-CV-00320 (E.D. AR 2015). He filed that petition on August 27, 2014. In this first federal petition he alleged ineffective assistance of counsel and lack of evidence to support his conviction. Specifically, he alleged (1) his trial counsel exaggerated the amount of evidence against him pressuring him into accepting a plea bargain, and (2) his confession during his guilty plea was involuntary because it was coerced. The District Court in the Eastern District of Arkansas denied his petition holding the petition was time barred, procedurally defaulted, and without merit. He sought reconsideration of this decision and the District Court denied his request on January 30, 2015. *See Tidwell*, No. 5:14-CV-00320, (ECF No. 11). Tidwell did not appeal this decision.

**B. Instant Petition**:

Tidwell filed the instant Petition, pursuant to § 2254, on March 17, 2015. ECF No. 1. In this Petition he alleges the following claims:

1. Ineffective assistance of counsel by "failing to protect me," "failed to inform me of the true evidence against me," "strongly encouraged me to accept plea deal," and "allowed prosecutor to intimidate me."

2. Insufficient evidence to support conviction.

3. Trial counsel coerced "my statement of guilt in order for me to receive offer from prosecutor for reduced charge, sentence and plea deal."

    4. Actual innocence and newly discovered evidence. Specifically he makes several claims about the evidence used against him in support of his guilty plea.

    He also argues his claim is not time barred because he has raised "newly discovered" evidence in this Petition. The Respondent asserts the instant Petition should be dismissed as successive petition, filed without permission of the Court of Appeals pursuant to 28 U.S.C. 2244(b)(3). ECF No. 7.

**C. Discussion**:

    Tidwell clearly filed an earlier petition in the Eastern District of Arkansas seeking *habeas corpus* relief. He has not shown he requested and received permission from the United States Court of Appeals for the Eighth Circuit to file the instant second petition as required by § 2244 (b)(3). Title 28 United States Code Section 2244 states in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C.A. § 2244(b)(1)(2) and (3)(A).

Tidwell's first petition in the Eastern District of Arkansas was dismissed as time barred, procedurally barred, and without merit. He has not obtained permission from the United States Court of Appeals for the Eighth Circuit to file this second Petition pursuant to § 2254. Accordingly, this petition should be dismissed with prejudice as successive.

Tidwell claims to have "newly discovered evidence" showing his innocence. A review of the material he attaches to the instant Petition indicates all of the "new evidence" he now claims to have discovered, was clearly within his knowledge at the time he entered a guilty plea. For example, he claims the victim of his sexual assault made several false statement against him. He attempts to establish the falsity of these statements with his own recollection. Such facts were clearly known to Tidwell at the time he entered his guilty plea and thus cannot be considered "newly discovered."

Even if the evidence was in fact "newly discovered" Tidwell has not obtained permission from the Eighth Circuit to pursue this successive petition. Assuming his "newly discovered" evidence fits within one of the exceptions set out in 28 U.S.C. § 2244 (b)(2), he must still obtain permission to file a second petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). Accordingly, this Court lacks jurisdiction to consider the claims made in the instant Petition, unless and until such authorization is granted. The instant Petition should be dismissed with prejudice for lack of jurisdiction

**D. Conclusion**:

The Petition, as discussed above, should be dismissed as an unauthorized successive petition.

**E. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as successive and dismissed with prejudice.[2] I further recommend no Certificate of Appealability issue in this matter.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **26th day of February 2016.**

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    U.S. MAGISTRATE JUDGE

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).